**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

FEB 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY SHARP, | No. 17-56362 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-02097-AB-KS |
| v. | |
| RAY LARRIVA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted November 9, 2018
Pasadena, California

Before: RAWLINSON, HURWITZ, and MELLOY,[**] Circuit Judges.

Ray Larriva, a City of El Monte detective, appeals a district court order denying his motion seeking summary judgment based on qualified immunity. We have jurisdiction of this interlocutory appeal under the "collateral order" doctrine of 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Our review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

is limited, however, to determining whether "the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017) (internal quotation omitted). Applying that standard of review, we affirm.

1. Larriva first contends that he had – or reasonably believed that he had – probable cause to arrest Sharp for possession of illegal fireworks for sale and for assault on a police officer. But, the facts taken "in the light most favorable to the plaintiff," *id.*, establish only that Sharp had limited access to the property where illegal fireworks were found, another person at that property admitted to the offense Larriva was investigating, Larriva arrested that person (who was later charged with the offense), and Sharp had a prior arrest for a fireworks violation. These facts are insufficient under controlling Supreme Court precedent to establish either probable cause or a reasonable belief that probable cause existed. *See Beck v. State of Ohio*, 379 U.S. 89, 94-97 (1964) (holding that prior criminal record and officer's knowledge of what defendant looked like, despite the alleged tip of an unnamed informant, do not give rise to probable cause).[1]

---

[1] Larriva claims that it is uncontested that a confidential informant told him that he purchased the fireworks at the location at which he first met Sharp from someone who was "bald" and "light-skinned," a description that Sharp matched. But, Larriva did not include the alleged statement either in his police reports or in his report to the prosecutor who filed charges. Nor did he arrest Sharp, who met that description,

2

2. Larriva also argues he is entitled to qualified immunity for the arrest of Sharp for assault on a peace officer. But, the evidence, including a video recording of part of the encounter that led to Sharp's arrest and Sharp's declaration, taken in the light most favorable to Sharp, does not establish even an objectively reasonable basis for believing that probable cause existed for the arrest. *See Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) ("An officer who makes an arrest without probable cause, however, may still be entitled to qualified immunity if he reasonably *believed* there to have been probable cause.").

3. The district court also did not err by denying Larriva's motion for summary judgment on Sharp's malicious prosecution claim. Although probable cause to arrest can entitle even an officer who provided false statements to the prosecution to qualified immunity on a malicious prosecution claim, *see Smith v. Almada*, 640 F.3d 931, 937-38 (9th Cir. 2011), the facts taken in the light most favorable to Sharp do not give rise to probable cause.

**AFFIRMED**.

---

when first confronting him at the location where the fireworks were sold. And, Larriva first disclosed the existence of the alleged statement in his deposition; it is not supported by any other record evidence. *See Beck*, 379 U.S. at 94. Because we must take the evidence currently in the record in the light most favorable to Sharp, the alleged statement by the informant plays no role in our decision today.